Dear Rep. Donelon:
You requested the opinion of this office concerning whether it is permissible under Louisiana law to implement the "Cambridge Plan", to be known as the "LSU Voluntary Security Plan" (the "Plan") as a benefit for physicians and executives of the LSU Medical Center. We have been supplied with additional information from The Cambridge Companies, LLC regarding the Plan and understand the elements of the Plan to be as follows:
 1. Each physician employed by the LSU Medical Center would be eligible to participate, voluntarily, through payroll deduction in the Plan.
 2. Each physician would elect to contribute their own funds by way of payroll deduction. There would be no employer contributions. The funds would be derived from funds to which the participant would otherwise be entitled as current compensation.
 3. The funds would then be sent to an authorized insurance company, licensed in the State of Louisiana for contribution to a variable life insurance contract combining securities (mutual fund sub-accounts) along with insurance in the one contract or policy. The policy would be owned by the respective participant, not LSU.
 4. Each contract would be set up under a collateral assignment split dollar arrangement between LSU Medical Center and the individual participant.
 5. LSU would retain only a collateral interest in the contract, but no ownership. The collateral interest in the policy would assure LSU of recovery of the participant's contributions made in the event that the participant violated his contract forfeiture provisions associated with the Plan. That is, in order to participate in the Plan, each participant must agree to subject his contributions in the Plan to a "substantial risk of forfeiture" under the guidelines of Internal Revenue Code § 457(f). The actual description of the "risk of forfeiture" will be developed in the future.
 6. The participant would own and have the authority to direct the investments of his own contract. The participant would allocate the investments, without fiduciary responsibility of LSU, among the investment funds provided under the contract.
 7. LSU would retain a collateral interest in the contract. On employment termination by the participant, and following the satisfaction of the forfeiture risk, LSU would abandon its position to retrieve its contract performance collateral.
The Louisiana Public Employees Deferred Compensation Plan, created pursuant to R.S. 42:1301, et seq., is an exclusive provider for the Internal Revenue Code ("IRC") Section 457 program for state employees. Op.Atty.Gen. Nos. 95-55, 97-252. Pursuant to R.S.42:1303(6) the Louisiana Legislature has given the Louisiana Deferred Compensation Commission (the "Commission") the power to agree by contract with any person to defer, in accordance with Section 457 of the IRC, as amended, future compensation which, except for the terms of the contract, would have been payable to such person. The Commission is further authorized to select the administrator and to do all things as may be required in order to insure proper administration of the plan. The Commission may select the administrator only after soliciting proposals from interested firms in accordance with specifications prepared by the Commission. R.S. 42:1303(2).
This office has received correspondence from attorneys for the Plan discussing Section 457 of the IRC. The correspondence states that the Plan is not an eligible deferred compensation plan as contemplated by IRC Section 457. This office does not give opinions on the IRC and we are not in a position to agree or disagree with the opinions of counsel to the Plan. However, under Louisiana law, if a plan is offered to a State employee for the employee to contract for the deferral, in accordance with IRC Section 457, of a portion of future compensation, the plan must be approved by the Commission and the administrator must be selected by the Commission after soliciting proposals from interested firms. R.S. 13:1303.
As no public funds are involved, the Plan is not subject to the provisions of R.S. 42:821, which provides for the procurement of certain group insurance life by the State of Louisiana, its departments and agencies and the governing boards and authorities of each state university or college, for their respective employees, officials, and department heads or any class or classes thereof, when the premiums are to be paid in whole or in part with state funds.
While this may not be relevant to the Plan, any agency or department of the State of Louisiana and each of its political, governmental and administrative subdivisions are authorized to adopt group plans which allow the purchase of annuities, life insurance or mutual funds which qualify for deferred federal taxation benefits as provided in Section 401(a) of the IRC. The employees' contributions for making such purchases may be deducted by the employer from the employees' salaries when authorized in writing by the respective persons so to do; provided that the State of Louisiana shall make no contribution toward such purchases. All such group plans must be procured through insurance companies authorized to do business within this state. R.S.42:861.
As to whether payroll deductions of the premiums may be made, we direct your attention to R.S. 42:456, R.S. 42:455 and R.S. 42:458, which provide in pertinent part as follows:
 R.S. 42:456. Permitted withholdings
 A. Payroll deductions shall be authorized only for the following:
 (1) Mandated federal or state income withholdings, credit unions, garnishments, liens, union dues, savings bonds programs, qualified United Way entities, health and life insurance products offered through the State Employees Group Benefits Program, and products having state participating contributions, sponsored by the State Employees Group Benefits Program, which qualify and are offered under Section 125 of the Internal Revenue Code (Cafeteria Plan).
 (2) Products offered without state contributory participation which have been evaluated and approved in accordance with rules and procedures promulgated by the commissioner of administration.
 B. Except for deductions required by law, no withholding may be made from the earnings of any employee for the purposes permitted by this Section unless the withholding is specifically and voluntarily authorized by the employee in writing. Any amount withheld in accordance with the provisions of this Section shall be remitted to the organization designated on a regularly scheduled basis as prescribed by rules promulgated by the division of administration and administered by the state payroll office as provided in R.S. 42:455. (Emphasis added)
 R.S. 42:455. Payroll deductions rules
 A. Authority for payroll deductions not otherwise provided by statute shall be governed by rules promulgated by the Division of Administration and administered by the state payroll office. Providing any general insurance deduction vendors shall have met the following requirements:
 (1) Foreign companies shall:
 (a) Have been licensed to do business in this state for not less than five years.
 (b) Have a current rating in A. M. Best of B+ or better.
 (c) Have been doing business under the same name for not less than three years.
 (d) Offer like product, service, or coverage to citizens of Louisiana.
 (e) Be in compliance with all procedural, accounting, and reporting requirements governing employee deductions.
 (2) Domestic companies shall:
 (a) Have been licensed to do business in this state for not less than five years.
 (b) Have a current rating in A. M. Best of B or better.
 (c) Have been doing business under the same name for not less than three years.
 (d) Provide like product, service, or coverage to citizens of Louisiana.
 (e) Be in compliance with all procedural, accounting, and reporting requirements of all rules and requirements governing employee deductions.
 B. The rules shall establish minimum reserve balances, bonding requirements, or other appropriate measures of fiscal responsibility for any payroll applicant not regulated by the Department of Insurance or office of financial institutions or any deduction, excepting charitable organizations, authorized by statute.
 C. Payroll deductions authorized by statute shall comply with reporting, remittance, and system schedule requirements of rules promulgated by the Division of Administration and administered by the state payroll office as provided in this Section.
 § 458. Deduction fees
 Expenses that may be incurred in connection with such collection and remittance shall be handled in accordance with rules promulgated by the Division of Administration and administered by the state payroll office. (Emphasis added)
Accordingly, the approval of the Commissioner of Administration would be necessary for any payroll deduction for the Plan.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS
Assistant Attorney General
RPI/MSH
cc: Dr. Mervin L. Trail Mr. Charles Cusimano Leigh S. Fultz